```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
PEGASYSTEMS, INC.,            )
                              )
            Plaintiff,        )
                              )    Civil Action
v.                            )    No. 19-11461-PBS
                              )
APPIAN CORPORATION and BUSINESS )
PROCESS MANAGEMENT, INC.,     )
                              )
            Defendants.       )
_____)
```

**MEMORANDUM AND ORDER**

January 13, 2020

Saris, D.J.

## INTRODUCTION

After hearing, and a review of the briefs, the Court **DENIES** without prejudice plaintiff Pegasystems, Inc.'s motion for a preliminary injunction [Docket No. 49]. I assume familiarity with this Court's memorandum and order dated December 5, 2019 [Docket No. 56], which provides the factual background in this false advertising suit.

## DISCUSSION

In evaluating a motion for preliminary injunction, the Court analyzes four factors:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the

1

hardship to the movant if no injunction issues; and (4) the
effect (if any) of the court's ruling on the public interest.

Esso Standard Oil Co. (P.R.) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) (citation omitted). The moving party bears the burden of establishing these factors weigh in its favor. Id. Of the four factors, "[t]he showing of a likelihood of success on the merits is the most important." Doe v. Trs. of Bos. Coll., 942 F.3d 527, 533 (1st Cir. 2019). Furthermore, "[i]n most cases . . . irreparable harm constitutes a necessary threshold showing for an award of preliminary injunctive relief." Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). Here, Pegasystems cannot establish that either factor weighs in its favor.

This motion must be evaluated in light of the post-complaint changes Appian has made to the challenged statements. Specifically, Appian removed from its website the phrase "Through approximately 500 responses" and added language regarding the Report's sample size. Dkt. Nos. 68-1, 68-2. Appian also added text on both pages of its website reading, "While all projects are different, we encourage you to read the report and assess what relevance [the surveyed] businesses' experiences may have for your business." Id. In addition, Appian acknowledged that "Appian commissioned BPM.com" to conduct the survey contained in the Report. Id. Finally, a "Preface from Appian" was inserted as the first page of the Report disclosing Appian's commission. Dkt. No. 68-3 at 3.

While Pegasystems has alleged that other portions of the Report are literally false or misleading, I do not find a likelihood of success as to those allegations on the current record. The dispute over whether BPM.com's testing methodology is inadequate or intentionally skewed involves disputed issues of fact. Pegasystems alleges in its complaint that BPM.com manipulated the survey results to produce outcomes more favorable to Appian. Appian admits that it "reviewed and provided input on drafts" of the Report, Dkt. No. 71 ¶ 1, but denies the allegation that the Report's results were manipulated to favor Appian, Id. ¶ 24. "Likelihood of success cannot be woven from the gossamer threads of speculation and surmise." Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 6 (1st Cir. 1991). While the Court does not here attempt to "predict the eventual outcome on the merits with absolute assurance," Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 16 (1st Cir. 1996), Pegasystems has not presented evidence that establishes a likelihood of success on the merits at this time. As a result of the post-report changes, Pegasystems has not demonstrated that it is suffering continuing harm from the initial omission of the Report's commission or Appian's statements regarding the Report's sample size.

Since Pegasystems has failed to carry its burden as to both likelihood of success and irreparable harm, the Court does not reach the third and fourth factors of the preliminary injunction analysis. See New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9

(1st Cir. 2002) ("[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.")

## ORDER

Pegasystems' motion for preliminary injunction [Docket No. 49] is **DENIED** without prejudice to refiling after development of the factual record. Its request for expedited discovery [Docket No. 57] is **ALLOWED** as stated in open court at the hearing. The parties will submit a revised proposed discovery schedule.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge