**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

PEGASYSTEMS INC.,

                              Plaintiff,

v.

APPIAN CORPORATION and BUSINESS
PROCESS MANAGEMENT, INC.,

                              Defendants.

Case No. 19-cv-11461-PBS-MPK

## SUR-REPLY TO APPIAN'S MOTION
## FOR PERMISSION TO INTERVIEW JOHN PETRONIO

Plaintiff Pegasystems Inc. ("Pegasystems") files this sur-reply to respond to four discrete

issues raised in the reply brief of Appian Corporation ("Appian").  *See* D.E. # 203.

First, the declaratory judgment cases Appian relies on are inapposite.  *See* D.E. #203 at 4

(citing *Tactical Software, LLC v. Digi Int'l, Inc.*, 2003 U.S. Dist. LEXIS 18831, at *6-7 (D.N.H.

Oct. 16, 2003) and *Pustell v. Lynn Pub. Sch.*, 18 F.3d 50, 52-53 (1st Cir. 1994).  Neither concerns

a request by a movant seeking a ruling on a contract to which it is not a party.  In *Tactical Software*,

the declaratory judgment action relates to alleged patent infringement, and in *Pustell* it relates to a

municipal home schooling plan permitting school officials to conduct periodic home visits.

Declaratory judgment actions premised on the interpretation of a contract, however, cannot be

brought by an entity that is neither a party to nor an intended beneficiary of a contract.  *See, e.g.,*

*Premier Pyrotechnics, Inc. v. Zambelli Fireworks Mfg. Co.*, 2005 U.S. Dist. LEXIS 30250, *7

(W.D. Mo. May 31, 2005) (dismissing declaratory judgment action brought by employer regarding

interpretation of agreement between employee and prior employer); *Ricchio v. Bijal, Inc.*, 424 F.

Supp. 3d 182, 186 (D. Mass. 2019) ("Ordinarily, the standing of a third party to litigate a contract action is limited."). Thus, Appian seeks to obtain from this Court relief akin to declaratory judgment notwithstanding that it, if it were to file a declaratory judgment action, that action would be dismissed.[1] This only underscores the inappropriate nature of Appian's request.

Second, Appian says *Kuriakose v. Fed. Home Loan Mortg. Co.*, 674 F. Supp. 2d 483 (S.D.N.Y. 2009), is the "closest thing Appian has found to a decision supporting Pegasystems' position" regarding an advisory opinion. Appian seeks to distinguish the case on the basis that the moving party there failed to provide details concerning the alleged agreements, failed to identify the individuals it wished to interview and failed to show that those witnesses were unwilling to speak to the moving party. However, the court did not rule that the presence of those missing elements would eliminate the concern about an advisory opinion. To the contrary, it held that "without these *and other details*, the Plaintiffs essentially ask the Court to find this contractual language void regardless of the circumstances." (Emphasis added.) Moreover, the court in *Kuriakose* made a distinction between cases in which the former employer seeks to rely on employment agreements to prohibit deposition testimony as opposed to informal interviews. *Kuriaskose*, 674 F. Supp. 2d at 492 ("In *Chambers*, unlike the present matter, the contractual provision at issue precluded the employee from providing deposition testimony.") That distinction is particularly apt here, where Pegasystems has explicitly suggested that the parties should simply conduct the examination of Mr. Petronio under oath at a deposition.

Third, Appian continues to rely on cases that are factually very different. As discussed in Pegasystems' opposition brief, the cases on which Appian relies involve attempts to interview

---

[1] Moreover, Appian seeks to have this Court weigh in with its opinion regarding the enforceability of Pegasystems' employment contracts with Mr. Petronio when neither Mr. Petronio nor Pegasystems has sought the Court's input.

employees generally – not a single, specific employee – to investigate alleged corporate wrongdoing in situations where it would be difficult to develop the same evidence through depositions. *See* D.E. #188 at 6-7.  Appian's new case, *Kuriaskose*, underscores that point.  There, a securities class action plaintiff sought to interview the former employees of the corporate defendant regarding alleged securities fraud.  Here, by contrast, the facts are much different.  Appian seeks the Court's permission to interview a single former Pegasystems employee whom Appian hired and whose work at Pegasystems is the basis for Appian's counterclaim.  Moreover, Appian seeks permission to conduct such an interview despite the fact that Pegasystems has proposed a deposition where disclosure of any confidential information can be monitored and addressed and in which both sides have opportunity to participate in the examination.

Finally, Appian argues that there is no basis to require Appian to disclose its interview questions, which it claims are work product, to Pegasystems in advance of an ex parte interview of Mr. Petronio.  Appian's position is more than a bit ironic.   In July, before either Mr. Petronio or Appian disclosed their relationship, Pegasystems sought to interview Mr. Petronio in a related matter in accordance with ██████████████ his Separation Agreement.  Mr. Petronio, keeping secret the fact that he was an Appian employee, refused and insisted through counsel that Pegasystems pose written questions.  *See* Ex. A, attached hereto.  Appian's insistence on conducting a free-flowing interview of Mr. Petronio in these circumstances smacks of hypocrisy, and it would be more equitable and practical for the examination of Mr. Petronio to occur under oath at a deposition.

For all of these reasons and those discussed in Pegasystems' opposition brief, the Court should deny Appian's motion.

Dated:  December 14, 2020

Respectfully submitted,

PEGASYSTEMS INC.

By its attorneys,

  /s/ Neil Austin
August T. Horvath (*pro hac vice*)
Foley Hoag LLP
1301 Avenue of the Americas, 25th floor
New York, New York 10019
Telephone:  646-927-5544
Facsimile:  646-927-5599
ahorvath@foleyhoag.com

Neil Austin (BBO # 657204)
Nicole Kinsley (BBO # 682528)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Telephone:  617-832-1000
Facsimile:  617-832-7000
naustin@foleyhoag.com
nkinsley@foleyhoag.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to any non-registered parties.

 /s/ Neil Austin
Neil Austin

FH5217159.1